UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,<br>　　Plaintiff,<br><br>　　　　v.<br><br>BLUE BUFFALO CO. LTD. and HARTFORD ACCIDENT & INDEMNITY COMPANY,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　Civil Action: 3:26-cv-00328 |

## COMPLAINT FOR DECLARATORY JUDGMENT

### PARTIES

1.　Nationwide Agribusiness Insurance Company ("Nationwide") is an insurance company organized under the laws of the State of Iowa with a principal place of business located in Des Moines, Iowa.

2.　Blue Buffalo Co. Ltd ("Blue Buffalo") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Wilton, Connecticut.

3.　Hartford Accident & Indemnity Company ("Hartford") is an insurance company organized under the laws of the State of Connecticut with a principal place of business located in Hartford, Connecticut.

### JURISDICTION AND VENUE

4.　This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*, in which the Nationwide seeks a declaration with respect to the allocation of defense costs with respect to claims asserted against Blue Buffalo in a Complaint ("the Complaint") filed by Ryan Walsh and Diana Walsh in the pending action *Ryan Walsh and Diana Walsh v. Blue Buffalo Co.*

1

*Ltd., United States District Court, Northern District of Illinois, Eastern Division, Civil Action No. 1:25-cv-05808* ("the Class Action").

5.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.A § 1332 because the amount in controversy exceeds $75,000 and the dispute is between citizens of different states.

6.      Jurisdiction is further appropriate in this Court because this is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and an actual case or controversy of a justiciable nature exists between the parties involving the rights and liabilities under several insurance policies, in which litigation is pending, and which controversy may be determined by a judgment in this action.

**THE UNDERLYING ACTION**

7.      On or about March 28, 2025, Ryan Walsh and Diana Walsh filed a Class Action Complaint against Blue Buffalo in Illinois state court in the Nineteenth Judicial District, Lake County, Case No. 2025 CH 00000071.  The case was removed to federal court in the United States District Court for the Northern District of Illinois, Eastern District in the case captioned *Ryan Walsh and Diana Walsh v. Blue Buffalo Co. Ltd., United States District Court, Northern District of Illinois, Eastern Division, Civil Action No. 1:25-cv-05808* ("the Class Action").  A copy of the Amended Complaint from the Underlying Action is attached as Exhibit 1 ("the Complaint").

8.      The claims asserted in the Complaint in the Class Action arise out of Blue Buffalo's alleged conduct in connection with its promotion, marketing, advertising, distribution, and sale of dog food.

9.      The Complaint in the Class Action alleges that Class Action Plaintiffs and the purported Class Members are current and former purchasers of Blue Buffalo's dog food.

10.     The Complaint in the Class Action alleges that from at least 2017 through 2022, the Class Action Plaintiffs purchased and exclusively fed Blue Buffalo's dog food to their dog as a result of Blue Buffalo's allegedly unfair and deceptive advertising practices.

11.     The Complaint in the Class Action purports to bring a class action by the Class Action Plaintiffs individually and on behalf of a similarly situated class of all persons who purchased the Dog Food from January 2022 through Preliminary Approval (the "Class").

12.     The Complaint in the Class Action alleges that Blue Buffalo disregarded the rights of Class Action Plaintiffs and Class Members by, *inter alia*, intentionally, willfully, recklessly, or negligently marketing Blue Buffalo's Dog Food as healthy and safe for pets; failing to disclose the potential for the Dog Food to cause Adverse Cardiac Functions, DCM in pets; failing to follow industry standards and industry best practices; failing to warn of known dangers; failing to take reasonably available steps to prevent the Dog Food from containing ingredients that are more likely to cause DCM; and failing to provide the Class Action Plaintiffs and Class Members prompt and accurate notice when Blue Buffalo learned its Dog Food causes the adverse cardiac functions to pets.

13.     The Complaint in the Class Action alleges that as a direct result of Blue Buffalo's practices, the Class Action Plaintiffs and Class Members suffered injuries, including, but not limited to: (i) cost of the Dog Food (ii) paying increased or inflated prices for the Dog Food; (iii) lost or diminished value; (iv) cost of increased veterinary bills; (v) cost of prescription medication and/or supplements for pets; (vi) loss of benefit of the bargain; (vii) statutory damages; and (viii) nominal damages.

14.     The Complaint in the Class Action alleges that the Class Action Plaintiffs and the Class Members may also incur additional out-of-pocket expenses, e.g., cost of replacement for the

Dog Food, cost of new dog foods, increased costs of special diets designed for Adverse Cardiac Functions, and expenses incurred when returning the Dog Food or obtaining a substitute.

15.     The Complaint in the Class Action alleges that the Class Action Plaintiffs bring the Class Action on behalf of themselves and all those similarly situated to address Blue Buffalo's allegedly unlawful and misleading promotion, advertisement, and marketing of the Dog Food as safe, high-quality, made with the finest natural ingredients, and/or healthy.

16.     The Complaint in the Class Action alleges that the Class Action Plaintiffs seek to remedy the alleged harms on behalf of themselves and all similarly situated individuals who have fallen prey to Blue Buffalo's allegedly unlawful and deceptive marketing practices.

17.     The Class Action Plaintiffs and the Class Members seek remedies including, but not limited to, compensatory damages and injunctive relief; including, educating consumers about all known dangers associated with the Dog Food, providing written warnings to consumers regarding the Dog Food, making changings to marketing campaigns regarding the Dog Food, and removing the Dog Food from store shelves and the online marketplace until such defects can be corrected and consumers are made aware of the dangers associated with feeding your pet the Dog Food.

**BLUE BUFFALO'S INSURANCE POLICIES**

18.     Upon information and belief, Hartford issued Commercial General Liability Policy No. 31UUNHE7016 to Blue Buffalo for the policy period February 12, 2016 to February 12, 2017 ("the Hartford Policy").

19.     Nationwide issued Commercial Package General Liability Policy No. CPP140795A to Blue Buffalo (and other named insureds) for the policy period from February 12, 2017 to February 17, 2018 with liability limits of $1,000,000 per occurrence ("the CGL Policy").

4

20.    The CGL Policy was renewed on February 12, 2018 and canceled at the request of Blue Buffalo effective June 1, 2018.

21.    The CGL Policy provides, in part, that "this insurance applies to "bodily injury" and "property damage" only if … the "bodily injury" or "property damage" occurs during the policy period."

22.    Nationwide issued Commercial Umbrella Policy No. CU140795A to Blue Buffalo (and other named insureds) for the policy period from February 12, 2017 to February 17, 2018 ("the Umbrella Policy") with liability limits of $10,000,000 per occurrence.

23.    The Umbrella Policy was renewed on February 12, 2018 with reduced liability limits of $5,000,00 per occurrence and canceled at the request of Blue Buffalo effective June 1, 2018

24.    After Nationwide's coverage period, Blue Buffalo was insured under fronting policies subject to a $5 million retention that can only be satisfied by settlements or judgments ("the Fronting Policies").

25.    Under the Fronting Policies, Blue Buffalo bears responsibility for defense of any suit seeking damages for injury or damage occurring during the time that the Fronting Policies were in effect.

26.    Blue Buffalo sought coverage under the CGL Policy and the Umbrella Policy for the claims against it and the damages alleged in the Underlying Action.

27.    Nationwide has agreed to defend Blue Buffalo in the Underlying Action subject to a complete reservation of rights including, but not limited to, that the alleged injury or damage asserted in the Class Action Complaint did not occur within the Nationwide policy periods.

28.    An actual controversy within the jurisdiction of this Court exists with respect to coverage under the Policies and the allegations stated herein.

## COUNT I – DECLARATORY JUDGMENT

29.    The Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs above and incorporates them herein.

30.    Nationwide is entitled to a declaration that it is only liable for a pro rata share of the costs to defend the Class Action because the Complaint can be read to alleged damages or injury before and after the coverage periods afforded by the Nationwide Policies.

31.    Nationwide is entitled to reimbursement of defense costs and attorney's fees incurred in defending Blue Buffalo in the Class Action which should have been paid and are the responsibility of Blue Buffalo and Hartford.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Nationwide Agribusiness Insurance Company, respectfully requests a judgment as follows:

A.  Declaring that the Blue Buffalo is liable for its pro rata share of the costs to defend the Class Action;

B.  Declaring that the Hartford is liable for its pro rata share of the costs to defend the Class Action;

C.  Awarding Nationwide Agribusiness Insurance Company reimbursement of defense costs and attorney's fees incurred in defending Blue Buffalo in the Class Action which should have been paid and are the responsibility of Blue Buffalo and Hartford;

D.  Awarding Nationwide its attorney's fees and costs in this action; and

E.  Awarding such other and further relief allowed by law and/or equity as the Court deems

just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff, Nationwide Agribusiness Insurance Company, hereby demands a jury trial.

Plaintiff,
NATIONWIDE AGRIBUSINESS INSURANCE
COMPANY,
By Its Attorneys:

*/s/ Scott T. Ober*
Scott T. Ober, Esq. (ct23046)
sober@hassettdonnelly.com
Casey L. McCaffrey, Esq. (ct31606)
cmccaffrey@hassettdonnelly.com
Hassett & Donnelly, P.C.
City Place I
185 Asylum Street – 26th Floor
Hartford, CT  06013
(860) 247-0644

Dated:  March 5, 2026

## **CERTIFICATE OF SERVICE**

Counsel of record for the Plaintiff, Nationwide Agribusiness Insurance Company, hereby certifies that on the 5th day of March 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Scott T. Ober*
Scott T. Ober, Esq.,